UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV252

CARRIE L. GILLUM                                                                                                   PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                                    DEFENDANT

### MEMORANDUM OPINION

Before the Court is the complaint of Carrie Gillum ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

### PROCEDURAL HISTORY

In March of 2005, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of February 15, 2005. After a hearing, Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that claimant's ischemic heart disease, hypertension, diabetes mellitus, morbid obesity and depression were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on March 31, 2008.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ failed to consider her impairments in combination. While the requirement of consideration of the record as a whole is certainly an accurate statement of the law, the purpose of that legal requirement is to insure an accurate assessment of Residual Functional Capacity. Residual functional capacity (RFC) is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). That is, it does not focus on particular impairments, but on particular functional limitations, whether those limitations derive from one impairment or from a combination of impairments. RFC does not focus on particular impairments, but on particular *functional limitations*, whether those limitations derive from one impairment alone or from a combination of impairments.

A claimant bears the burden or proof in establishing his or her RFC, Her v. Commissioner,

203 F.3d 388, 391-392 (6th Cir. 1999). In this case, Ms. Gillum fails to point to any specific functional limitations that are not seen upon examination of individual impairments, but result rather from interaction among plaintiff's impairments. She correctly cites SSR 02-1p(8) for the proposition that "the combined effects of obesity with other impairments may be greater than might be expected without obesity." However, she fails to identify particular functional limitations that (1) affect her because she suffers from obesity as well as other impairments, and (2) were not considered by the ALJ in his evaluation of her residual functional capacity.

Claimant next contends that the ALJ's decision is based on an improper hypothetical question. Examination of her argument, however, shows that she is not contending that the ALJ committed legal error in the form of the questioning. Instead, she is contending that there is no substantial evidence to support the factual findings that the ALJ incorporated into his hypothetical. The specific issue to which Ms. Gillum refers here is her testimony that she needed to prop her legs up through the day to relief swelling or pain. Tr. 588. Plaintiff's counsel asked the expert whether the identified jobs were consistent with the worker's needing to "periodically elevate her legs," and the witness stated that such a requirement would not reduce the number of jobs the worker could perform. Then, in response to quantifying follow-up questions posed by the ALJ, the vocational expert stated that one could perform the identified jobs with the legs elevated twelve inches, but not with the legs elevated waist high. Tr. 598-599.

Plaintiff argues that the questions were improper because there was no evidence as to how high Ms. Gillum needed to elevate her legs. This argument overlooks the fact that the disability benefits claimant must always bear the ultimate burden of establishing disability. Key v. Callahan, 109 F.3d 270 (6th Cir. 1997), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990). If the record lacks

3

evidence regarding a possible limitation, it is the plaintiff's job to supply such evidence. In this case, the record does not include any evidence – either medical or other – suggesting that Ms. Gillum must elevate her legs waist high during the day. The Court perceives no error.

Claimant's next contention is that the ALJ failed to consider her frequent urination and her need for regular doctor's visits. Both claimed needs are supported only by her self-report. For example, she informed a psychiatric interviewer in April of 2007 that she "sleeps 6-8 hours a night but must wake up every hour to use the restroom secondary to diabetes." Tr. 498. There is nothing in her diabetes treatment records that notes any report of her urinating 24 times a day, nor has she sought any treatment for such a problem. While she testified that she must visit doctors two to three times each month, the medical records fall far short of substantiating such a claim. Thus, this contention is subsumed within the claimant's final argument, which is that the ALJ committed error in conducting his evaluation of the credibility of her testimony.

> SSR 96-7p provides instruction on credibility evaluation as follows:
>
> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529©) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1) Daily activities;

4

2) The location, duration, frequency, and intensity of pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

The ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but ... the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. 25 In support of this determination, the ALJ pointed to evidence that her compliance with medical advice has been inconsistent and that she continues to smoke against medical advice; he cited evidence that an echocardiogram showed normal ejection fraction and no more than moderate limitations in heart function; he noted that she worked without problem prior to her alleged disability onset date, although she suffered then from most of the problems she now claims prevent her from working; she appeared in no outward discomfort at the hearing; and her treating mental health professional found her depressive disorder only moderately limiting.

"Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v.

Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] . An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

The question is not what determination the undersigned would make independently. The sole question is whether substantial evidence supports the ALJ's credibility determination. The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

The reasoning stated by the ALJ concerning credibility is legally adequate, and it is supported by substantial evidence. Under such circumstances, this Court has a duty to affirm.

An order in conformity has this day entered.